UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAXO, INC., <br> Plaintiff, <br> v. <br> BANK OF AMERICA TECHNOLOGY AND OPERATIONS, INC.; BANK OF AMERICA CORPORATION; and BANK OF AMERICA NATIONAL ASSOCIATION, <br> Defendants. | 2:07-cv-945-GEB-GGH <br> <u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u> |

       The May 18, 2007, Order Setting Status (Pretrial Scheduling) Conference ("May 18 Order") scheduled a status conference in this case for August 13, 2007, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed.

       Plaintiff is Ordered to Show Cause (OSC) in a writing to be filed no later than 4:00 p.m. on September 10, 2007, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for their failure to file a timely status report. Plaintiff's written response shall also explain

1

whether Plaintiff has effected service of process on Defendants, and whether Plaintiff has served Defendants with a copy of the May 18 Order.

The written response shall also state whether Plaintiff or its counsel is at fault and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on October 1, 2007, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.

In accordance with the requirements set forth in the May 18 Order, the parties shall file a joint status report no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated:   August 6, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).