```
 1

 2

 3                IN THE UNITED STATES DISTRICT COURT

 4              FOR THE EASTERN DISTRICT OF CALIFORNIA

 5
    AJAXO, INC.,                    )
 6                                  )      RELATED CASE ORDER
                   Plaintiff,       )
 7                                  )
         v.                         )      2:07-cv-945-GEB-GGH
 8                                  )
    BANK OF AMERICA TECHNOLOGY AND  )
 9  OPERATIONS, INC.; BANK OF AMERICA )
    CORPORATION; and BANK OF AMERICA )
10  NATIONAL ASSOCIATION,           )
                                    )
11                 Defendants.      )
    _____ )
12  AJAXO, INC.,                    )
                                    )
13                 Plaintiff,       )
                                    )
14       v.                         )      2:07-cv-948-MCE-KJM
                                    )
15  ALLEN TAM,                      )
                                    )
16                 Defendant.       )
    _____ )
17  K. C. MULTIMEDIA, INC.,         )
                                    )
18                 Plaintiff,       )
                                    )
19       v.                         )      2:07-cv-1356-LEW-EFB
                                    )
20  BANK OF AMERICA TECHNOLOGY AND  )
    OPERATIONS, INC.; BANK OF AMERICA )
21  CORPORATION; and BANK OF AMERICA )
    NATIONAL ASSOCIATION,           )
22                                  )
                   Defendants.      )
23  _____ )
    K. C. MULTIMEDIA, INC.,         )
24                                  )
                   Plaintiff,       )
25                                  )
         v.                         )      2:07-cv-1357-FCD-JFM
26                                  )
    ALLEN TAM,                      )
27                                  )
                   Defendant.       )
28  _____ )
```

1    Examination of the above-entitled actions reveals that the
2    actions are related within the meaning of Local Rule 83-123(a).  The
3    actions involve the same or similar parties, are based on the same or
4    similar claims, and involve similar questions of fact and law.
5    Accordingly, the assignment of the matters to the same judge and
6    magistrate judge is likely to effect a substantial savings of judicial
7    effort and is also likely to be convenient for the parties.

8        The parties should be aware that relating the cases under
9    Local Rule 83-123 merely has the result that the actions are assigned
10   to the same judge and magistrate judge; no consolidation of the
11   actions is effected.  Under the regular practice of this court,
12   related cases are generally assigned to the judge and magistrate judge
13   to whom the first filed action was assigned.

14       IT IS THEREFORE ORDERED that the actions denominated 2:07-
15   cv-948-MCE-KJM, 2:07-cv-1356-LEW-EFB, and 2:07-cv-1357-FCD-JFM are
16   hereby reassigned to Judge Garland E. Burrell, Jr. for all further
17   proceedings.[1]

18       IT IS FURTHER ORDERED that the caption on documents filed in
19   2:07-cv-948-MCE-KJM shall show the case number as 2:07-cv-948-GEB-GGH;
20   documents filed in 2:07-cv-1356-LEW-EFB shall show the case number as
21   2:07-cv-1356-GEB-GGH; and documents filed in 2:07-cv-1357-FCD-JFM
22   shall show the case number as 2:07-cv-1357-GEB-GGH.  Status (pretrial
23   scheduling) conferences shall be held in 2:07-cv-948-GEB-GGH, 2:07-cv-
24   1356-GEB-GGH, and 2:07-cv-1357-GEB-GGH on November 26, 2007, at 9:00
25   a.m.  Additionally, the status conference in 2:07-cv-945-GEB-GGH,

26

27
28       [1]    The hearing on the motion to dismiss in 2:07-cv-1356-LEW-EFB, which is currently set for October 5, 2007, is vacated and shall be re-noticed before Judge Burrell.

which is currently set for October 1, 2007, is continued to November
26, 2007, at 9:00 a.m.  In each of the four related actions, the
parties to that action shall file a Joint Status Report with the court
no later than fourteen (14) days prior to the status conference.[2]
Each Joint Status Report shall briefly set forth the views of the
parties to that action on the following matters:

      a)    Status of service of process on parties not yet served;

      b)    Possible joinder of additional parties;

      c)    Anticipated amendment of pleadings;

      d)    The basis for jurisdiction and venue;

      e)    Anticipated motions with suggested dates;

      f)    Anticipated and outstanding discovery;

      g)    A written report outlining the proposed discovery plan
required by Federal Rule of Civil Procedure 26(f).  The
discovery plan shall indicate the parties' views and
proposals concerning:

      (1)   what changes should be made in the timing, form, or
requirement for disclosures under Rule 26(a), including
a statement as to when disclosures under subdivision
(a)(1) were made or will be made;

      (2)   the subjects on which discovery may be needed, when
discovery should be completed, and whether discovery

---

    [2]    The failure of one or more of the parties to participate in
the preparation of the Joint Status Report does not excuse the other
parties from their obligation to timely file a status report in
accordance with this Order.  In the event a party fails to participate
as ordered, the party timely submitting the status report shall
include a declaration explaining why it was unable to obtain the
cooperation of the other party or parties.

1                   should be conducted in phases or be limited to or

2                   focused upon particular issues; and

3         (3)   what changes should be made in the limitations on

4                   discovery imposed under the Federal Rules of Civil

5                   Procedure or the Local Rules, and what other

6                   limitations should be imposed;

7    h)   Scheduling of future proceedings, including suggested timing

8         of the disclosures of expert witnesses and information

9         required by Rule 26(a)(2), completion dates for discovery

10        and law and motion, and dates for final pretrial conference

11        and trial;[3]

12   i)   Estimate of trial time;

13   j)   Appropriateness of special procedures such as reference to a

14        special master or agreement to try the matter before a

15        magistrate judge pursuant to 28 U.S.C. § 636(c);

16   k)   Modification of standard pretrial procedures because of the

17        simplicity or complexity of the case;

18   l)   Whether the case is related to any other case on file in

19        this district, including the bankruptcy courts of this

20        district;

21

22

23

---

24        [3]    In completing this portion of the Joint Status Report, the
25   parties are advised that Judge Burrell's typical pretrial scheduling
     procedures require: 1) that initial expert disclosures be made 150
26   days prior to the completion of discovery; 2) that rebuttal expert
     disclosures be made 120 days prior to the completion of discovery; 3)
27   that discovery be completed 90 days prior to the final pretrial
     conference; 4) that law and motion is cut off 60 days before the final
28   pretrial conference; and 5) that the final pretrial conference will be
     held 90 days before the trial.

m)   Prospects for settlement, including whether a settlement
conference should be scheduled and whether the parties will
stipulate to the trial judge acting as settlement judge; and

n)   Any other matter that may be conducive to the just and
expeditious disposition of the case.


The Clerk of Court shall make an appropriate adjustment in
the assignment of civil cases to compensate for this reassignment.

IT IS SO ORDERED.

Dated:  August 28, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge