IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
AJAXO, INC.,                          )
                                      )    2:07-CV-945-GEB-GGH
                    Plaintiff,        )
                                      )
     v.                               )    ORDER*
                                      )
BANK OF AMERICA TECHNOLOGY AND        )
OPERATIONS, INC.; BANK OF AMERICA     )
CORPORATION; and BANK OF AMERICA      )
NATIONAL ASSOCIATION,                 )
                                      )
                    Defendants.       )
                                      )
```

        Defendants move for dismissal of Plaintiff's claim for copyright infringement of the "Wirelessproxy Utility Program TXU1-169-798" ("Wirelessproxy") under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff does not have standing to assert this claim since Plaintiff does not own the Wirelessproxy copyright.

        "It is appropriate to address the question of standing in deciding a motion to dismiss because 'the elements of standing are an indispensable part of the plaintiff's case, and accordingly must be

---

    *    This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  supported at each stage of litigation in the same manner as any other
2  essential element of the case.'"  Warren v. Fox Family Worldwide,
3  Inc., 328 F.3d 1136, 1140 (9th Cir. 2003), quoting Cent. Delta Water
4  Agency v. United States, 306 F.3d 938, 947 (9th Cir. 2002).  "Under
5  the Copyright Act of 1976 . . ., 'the legal or beneficial owner of an
6  exclusive right under a copyright is entitled . . . to institute an
7  action for any infringement of that particular right committed while
8  he or she is the owner of it.'"  Id., quoting 17 U.S.C. § 501(b).
9       Plaintiff alleges in the Complaint that it obtained
10 registration of the Wirelessproxy copyright in 2005.  (Compl. ¶¶ 15-
11 16.)  Defendants disagree and request judicial notice be taken of
12 three U.S. Copyright Office records which show that Sing Koo ("Koo"),
13 not Plaintiff, obtained registration of the Wirelessproxy copyright.
14 (See Defs.' Req. for Jud. Not.)  Plaintiff responded requesting
15 judicial notice be taken of two U.S. Copyright Office records which
16 show that, although Koo originally obtained the Wirelessproxy
17 copyright registration, Koo transferred the copyright to Plaintiff.
18 (See Pl.'s Req. for Jud. Not.)
19      Defendants argue that Plaintiff cannot use this extrinsic
20 evidence in opposition to Defendants' dismissal motion since this
21 evidence "directly contradicts the allegations in [Plaintiff's]
22 complaint."  (Defs.' Reply at 2:2-3.)  This evidence reveals that Koo
23 transferred the Wirelessproxy copyright to Plaintiff in 2006, rather
24 than in 2005 as Plaintiff alleges in Plaintiff's Complaint.
25      "It is well settled law that facts, of which judicial notice
26 may be taken, need not be alleged in the complaint, and that a court
27 may take judicial notice of such a fact even when the complaint makes
28

1  an express allegation to the contrary." Lang v. Am. Motors Corp., 254
2  F. Supp. 892, 894 (D.C. Wis. 1966).

> While, broadly speaking, it is true that, in considering a motion to dismiss, all well-pleaded allegations in the . . . complaint must be taken as true, there is an important exception to this general rule. In the consideration of a pleading, the court will read it as if it contained a statement of all matters of which the court is required to take judicial notice, even when the pleading contains an express allegation to the contrary.

Nev-Cal Elec. Sec. Co. v. Imperial Irr. Dist., 85 F.2d 886, 904 (9th Cir. 1936). In accordance with the rationale of Nev-Cal, judicial notice may be taken of the fact that Koo transferred the Wirelessproxy copyright to Plaintiff on May 1, 2006.

Each party's request that judicial notice be taken is granted. See Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir. 2005) (discussing the appropriateness of taking judicial notice of federal copyright registrations). The documents of which judicial notice is taken show that Koo obtained the registration of the Wirelessproxy copyright in 2005, then transferred the Wirelessproxy copyright to Plaintiff on May 1, 2006. Since Plaintiff has shown it has standing to sue for infringement of the Wirelessproxy copyright, Defendants' motion to dismiss is denied.

IT IS SO ORDERED.

Dated: November 21, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

3