**Counsel Listed on Signature Page**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

AJAXO, INC. a Delaware Corporation; and K. C. MULTIMEDIA, INC., a Delaware Corporation,

Plaintiffs,

v.

BANK OF AMERICA TECHNOLOGY AND OPERATIONS, INC., a Delaware Corporation; BANK OF AMERICA CORPORATION, a Delaware Corporation; BANK OF AMERICA NATIONAL ASSOCIATION; and ALLEN TAM, an individual,

Defendants.

Case No. 2:07-cv-945 GEB GGH

**STIPULATED PROTECTIVE ORDER**

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and request the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2.     DEFINITIONS

2.1     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel of record (and their support staff).

2.2     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that is or contains confidential technical, research, development, proprietary, financial, or commercial information of the Designating Party, or personal information furnished to the Designating Party in confidence by any third-party.

2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     "Highly Confidential – Attorneys' Eyes Only – Source Code" Information or Items:  all source code produced by a Designating Party.

2.6 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Attorneys' Eyes Only – Source Code."

2.9 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Attorneys' Eyes Only – Source Code."

2.10 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent a Party in this action as that Party's counsel of record.

2.11 House Counsel: attorneys who are employees of a Party.

2.12 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.13 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is approved pursuant to section 8 below.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.15 Document: shall have the meaning set forth in Federal Rule of Civil Procedure Rule 34(a).

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Protected Material shall be designated and marked as follows:

5.1.1 Documents are to be designated as Protected Material by affixing the legend “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY”).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY.” After the inspecting Party has identified the

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

5.1.2 Information or materials produced in electronic or magnetic medium (such as DC, DVD, floppy diskette or tape) and any other tangible items shall be designated as Protected Material by marking or labeling, in a prominent place, the container or containers in which the information or item is stored with the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Attorneys' Eyes Only – Source Code."

5.1.3 Deposition or trial transcripts (including exhibits) are to be designated as Protected Material (i) by making a statement to that effect on the record, during the deposition or other proceeding, or (ii) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, within ten (10) business days after counsel for the Designating Party receives the final deposition transcripts, a letter or other written notice designating the relevant portions or entirety of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The letter or other notice shall identify the appropriate level of confidentiality, and identify the pages and lines, and/or exhibits, to be Protected Material. Each copy of the transcript or videotape, and portions thereof, so designated shall be marked, by the person receiving the

letter or other notice, with the legend specified in subparagraphs 5.1.1 and 5.1.2 above indicating the level of confidentiality claimed by the Designating Party and shall be governed by the terms of this Protective Order. The court reporter and/or videographer shall separately bind any portion of the transcript of the deposition or hearing that has been designated to contain Protected Material. Copies of the separately bound portions of the transcript containing Protected Material may be provided only to persons permitted by the other provisions of this Protective Order to receive such Protected Material. In situations where the transcript in question involves a number of responses that may contain Protected Material and it is impractical to designate the appropriate level of confidentiality after every response, a Designating Party may comply with this portion of the Protective Order by designating the entire transcript as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and then, upon written request from any other party, lowering or removing the level of confidentiality for specific portions of the transcript.

If a deposition, proceeding or portion thereof is designated on the record, during the deposition or proceeding, as Protected Material, the deposition or proceeding shall continue in the absence of all persons to whom access to Protected Material is not permitted under this Order.

5.2 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Attorneys' Eyes Only – Source Code" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Attorneys' Eyes Only – Source Code" after the material was initially produced, the Receiving Party, on timely written notification of the designation, shall promptly ensure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under L.R. 37-251 that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case solely for prosecuting, defending, or attempting to settle the above-captioned litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. (For purposes of this Order, "disclose" means to show, furnish, provide, or discuss the contents of, in whole or in part, the original, a copy, or any summaries of the referenced materials or document.) When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

7.2.1 The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

7.2.2 Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and who have previously been approved pursuant to the procedure set forth in section 8, below;

7.2.3 The Court and its personnel;

7.2.4 Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

7.2.5 Deposition witnesses, where at least one of the following conditions applies:

7.2.5.1 the witness is an employee of the Designating Party when the disclosure is made;

7.2.5.2 the attorney taking the deposition and showing the witness the Protected Material represents the Designating Party;

7.2.5.3 the witness's name appears on the Protected Material as a person who has previously seen or received the Protected Material, other than through improper means, or it is otherwise established that the witness has previously seen or received, through proper means, the Protected Material;

7.2.5.4 the Designating Party has consented on the record of the deposition to the showing of the Protected Material to the witness; or

7.2.5.5 at least three business three (3) business days before the deposition, the party wishing to show the witness the Protected Material notifies the Designating Party in writing of its intent to do so, with a specific listing of the Protected Material to be shown, and the Designating Party fails to provide, within one (1) business day of receipt of the notice, written objection to this use of Protected Material. If a timely written objection is provided, the Protected Information listed in the written objection shall not be shown to the witness unless and until the party wishing to show that Protected Material to the witness moves for and obtains appropriate relief from the Court.

Witnesses being shown Protected Material under subsection 7.2.5.5 above must sign the "Agreement to Be Bound by Protective Order" (Exhibit A) before being shown the Protected Material. Counsel defending the deponent to which Protected Material is disclosed during deposition shall provide to counsel for the Designating Party, before the start of the deposition, a copy of the executed Agreement.

7.2.6 The author of the document or the original source of the information.

7.2.7 Litigation support services, including independent document copiers, graphic artists and jury consultants who have an obligation to keep such information confidential;

7.2.8 Any mediators and their personnel selected or appointed by the Court;

7.2.9 Mock jurors or focus group members engaged by a jury consultant in preparation for trial, provided that no such persons are officers, directors, or employees of any Party or of any direct competitors of any Party and that any such persons have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

7.3 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or materials designated CONFIDENTIAL only to the categories of persons designated in section 7.2 above, as well as to:

7.3.1 House Counsel for each Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

7.3.2 Five (5) identified officers, directors or employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that such officers, directors or employees must be identified to the Designating Party before any disclosure of Protected Material is made. If the Receiving Party is an individual Party to this action, as opposed to a corporate entity, that individual may have access to information or materials designated CONFIDENTIAL provided that the individual Party sign the "Agreement to Be Bound by Protective Order" (Exhibit A) before any disclosure of Protected Material is made.

7.4 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items. All source code produced by a Party pursuant to pretrial discovery shall be subject to the same restrictions as information designated as "Highly Confidential – Attorneys' Eyes Only," provided that such Party designates such source code as "Highly Confidential – Attorneys' Eyes Only – Source Code." In addition, the following restrictions shall apply to source code designated as "Highly Confidential – Attorneys' Eyes Only – Source Code":

7.4.1 A single electronic copy of source code or executable code shall be produced to Outside Counsel for the Receiving Party. The produced electronic copy may be in an encrypted form and the Producing Party must provide the Outside Counsel for the Receiving

Party with specific decryption instructions and a decryption software application, if such application is necessary, for decoding the code.

7.4.2 Except as provided in section 7.4.4 below, such electronic copy may only be installed on a single stand-alone non-networked desktop computer in such Outside Counsel's offices and may not be removed from those offices except to the extent it may be temporarily stored at the site where any deposition related to the information is being taken, the courthouse, or any intermediate location reasonably necessary to transport the material to the site of a deposition or the courthouse (e.g., a hotel before a deposition).

7.4.3 The stand-alone computer and any other computer with temporary copies of the code shall be equipped with a password protection/lockout/screen saver function having a "timeout" period of ten (10) minutes or less; the password for such function shall be known only to those people who are allowed to have access to the code in accordance with this Order.

7.4.4 Other than prescribed in this Order, source code may not be printed or copied without the agreement of the Producing Party or further order of the Court, except:

7.4.4.1 Hard copies of a source code file or excerpts of a source code file may be made to the extent necessary for the persons allowed access to "Highly Confidential – Attorneys' Eyes Only" information, provided that material printed from the source code production shall be marked "Highly Confidential – Attorneys' Eyes Only – Source Code";

7.4.4.2 One electronic copy may be made for, and held at the offices of, each Expert subject to the requirements of section 8 hereof. Such copies shall be treated as set forth herein;

7.4.4.3 Volatile copies necessarily made in the course of loading, accessing, and analyzing the source code on the non-networked computer, may be made without prior consent of the Producing Party.

7.4.5 Under no circumstances may material designated "Highly Confidential – Attorneys' Eyes Only – Source Code" be transmitted electronically, e.g., via modem, network or the Internet, by or at the direction of anyone including Outside Counsel or an Expert for the

Receiving Party.

8. PROCEDURES FOR APPROVING DISCLOSURE OF PROTECTED MATERIAL TO "EXPERTS"

8.1 Timing of Notification. Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any Protected Material must notify in writing the Designating Party or parties, at least ten (10) business days before allowing such access (or such shorter period to which the Designating Party agrees in writing). The identification of an expert or consultant pursuant to this Order shall not be construed as the identification of an expert trial witness under Federal Rule 26(a)(2), and shall not constitute a waiver of attorney work-product protection or the attorney-client privilege.

8.2 Contents of the Written Notification. Such written notice shall include the following: (1) the name of the Expert; (2) the present employer and title of the Expert; (3) a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A) signed by the Expert that states that the Expert has read and understood the terms of this Order and agrees to be bound by its terms; (4) a current curriculum vitae that lists all employers and clients to whom the Expert has provided services in the past five (5) years, cases in which the Expert has testified as an expert at trial or by deposition in litigation relating to semiconductor technology at any time, and all cases in which the Expert has testified as an expert at trial or by deposition within the past five (5) years.

8.3 Objections by Disclosing Parties. Before the ten (10) business day period from the receipt of the written notification has expired, a Designating Party may object in writing to the disclosure of Protected Material to the Expert in question. If no such written objection is made within the ten (10) business day period, then Protected Material may be disclosed to the Expert in question. If an objection is made, the parties must first meet and confer in an attempt to resolve the objection. If the objection is not resolved within ten (10) business days of service of the notice of written objection to disclosure, the Objecting Party shall file and serve a motion with respect to its objection within twenty (20) business days after service of the notice of written objection to disclosure. If the Objecting Party does not file the appropriate motion with the Court

within that time, or within any additional time within which to move as may be granted by the Court or agreed to by stipulation of the parties, the Objecting Party waives its right to challenge the disclosure of Protected Material to the identified Expert, and the Protected Material may then be disclosed to the identified Expert.  An identified Expert shall not be provided access to any Protected Material until a timely-filed objection or motion challenging disclosure to that Expert is resolved.

9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Protected Material, the Receiving Party must notify the Designating Party, in writing (by email or fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party shall immediately (a) notify in writing the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), (b) take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and (c) require each unauthorized person to return all Protected Material that was improperly disclosed to that person, all copies made of the improperly disclosed Protected Material, and all documents containing excerpts from or references to the improperly disclosed Protected Material.

11. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with L.R. 39-141. If the Party wishing to file or refer to a document that has been designated as Protected Material does not agree that the material is properly sealable under L.R. 39-141, the Party must still comply with L.R. 39-141 but may indicate in the motion for a sealing order that the Party does not believe the material is sealable. Within three (3) court days thereafter, the Designating Party may file with the Court a motion and appropriate declaration pursuant to L.R. 39-141 establishing that the Protected Material is sealable. If the Designating Party does not file its responsive declaration as required herein, the document or proposed filing will be made part of the public record.

12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, “all Protected Material” includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the

Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13. INFORMATION PROTECTED BY PRIVILEGE, WORK PRODUCT, OR OTHER DOCTRINE

The inadvertent production of any document or other materials or information which the producing party contends is subject to the attorney-client privilege, work-product protection, or any other privilege or protection against discovery shall not necessarily be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or the information disclosed or as to any other document or information relating thereto. Within a reasonable time after the discovery of the inadvertent production, the producing party shall give notice to the receiving party that privileged documents or information have been inadvertently produced or disclosed and request the return of such documents. Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned to the producing party within fifteen (15) calendar days of such demand. If the Receiving Party objects to the claim of privilege, the claim of inadvertent production and/or the reasonableness of the notice given, the Receiving Party and the Producing Party shall attempt to resolve the dispute. If the dispute is not resolved, the

Receiving Party may move the Court to compel the re-production of the document(s) at issue. From the time of the Producing Party's notification of inadvertent production, any documents or information as to which notice is given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the Receiving Party and the Producing Party otherwise agree.

14. USE OF PROTECTED MATERIAL BY DESIGNATING PARTY

Nothing in this Protective Order limits a Party's ability to show materials which that Party has designated as Protected Material to whomever the Designating Party may deem appropriate. Further, nothing in this Protective Order limits a Party's ability to show materials designated by another party as Protected Material to that Designating Party, including any present officer, director, employee, or representative thereof.

15. JURISDICTION

Each person receiving Protected Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

16. USE OF PROTECTED MATERIAL DURING COURT PROCEEDINGS

If any Protected Material is used in any Court pretrial proceeding in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the Protected Material shall not lose its status as Protected Material through such use. The Parties shall take all steps reasonably necessary to protect the confidentiality of the Protected Material during any such use, including, but not limited to, requesting in camera proceedings. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. The Parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Protected Material at trial.

17. MODIFICATION OF PROTECTIVE ORDER

Each Party reserves the right to request that the Court modify the terms of this Protective Order in the event that the Party believes that a modification is necessary. If such an application is made, all signatories of copies of the Certification, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

18. MISCELLANEOUS

18.1 No Admissions. Compliance with this Order in no way constitutes an admission by any Party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

18.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 25, 2008

DARIN W. SNYDER
LUANN L. SIMMONS
REBECCA B. BAUER
WHITNEY MCCOLLUM
O'MELVENY & MYERS LLP

By: /s/ Luann L. Simmons
Luann L. Simmons
Attorneys for Defendants
BANK OF AMERICA TECHNOLOGY AND OPERATIONS, INC., BANK OF AMERICA CORP. and BANK OF AMERICA NATIONAL ASSOCIATION

Dated: March 24, 2008

JAMES MCMANIS
NEDA MANSOORIAN
GEOFFREY BENTZEL
MCMANIS FAULKNER & MORGAN

By: /s/ Neda Mansoorian
Neda Mansoorian
Attorneys for Defendant
ALLEN TAM

Dated: March 21, 2008

RICHARD L. ANTOGNINI
LAW OFFICES OF RICHARD L. ANTOGNINI

By: /s/ Richard L. Antognini
Richard L. Antognini
Attorney for Plaintiffs
AJAXO, INC. and K.C. MULTIMEDIA, INC.

I, Luann L. Simmons, am the ECF User whose ID and password are being used to file this Stipulated [Proposed] Protective Order. In compliance with General Order 45, X.B., I hereby attest that Neda Mansoorian and Richard L. Antognini have concurred in this filing.

Dated:  March 25, 2008                          O'MELVENY & MYERS LLP


                                                By:  /s/ Luann L. Simmons
                                                      Luann L. Simmons
                                                Attorneys for Defendants
                                                BANK OF AMERICA TECHNOLOGY AND
                                                OPERATIONS, INC., BANK OF AMERICA
                                                CORP., and BANK OF AMERICA NATIONAL
                                                ASSOCIATION

                                    **ORDER**

            PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  03/28/08
                                                /s/ Gregory G. Hollows

                                          U.S. Magistrate Judge


                                          Ajaxo.po

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on ____________ in the case of *Ajaxo, Inc. & K. C. Multimedia, Inc. v. Bank of America Technology and Operations, Inc. et al.*, Case No. 07-00945 GEB GGH. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ___________________________ [print or type full name] of ________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: __________________________________

City and State where sworn and signed: __________________________________

Printed name: _______________________________

Signature: __________________________________