UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAXO, INC., a Delaware Corporation; K.C. MULTIMEDIA, INC., a Delaware Corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA TECHNOLOGY AND OPERATIONS, INC., a Delaware Corporation; BANK OF AMERICA CORPORATION, a Delaware Corporation; BANK OF AMERICA NATIONAL ASSOCIATION; and ALLEN TAM, an individual,<br><br>    Defendants. | 2:07-cv-00945-GEB-GGH<br><br>ORDER SUBMITTING EXPERT EXCLUSION MOTION; FOCUSING ORAL ARGUMENT ON A POINT RAISED IN OPPOSITION BRIEF; AND, AN INQUIRY ABOUT A SEALING MOTION |

Since Defendants Bank of America and Allen Tam have not shown that their late disclosure of experts Parr and Wedig was substantially justified or harmless, this portion of the motion is submitted. Defendants' opposition brief suggests, however, that in lieu of the resulting expert exclusion sanction, an order should issue, if feasible, that avoids the prejudice suffered because of Defendants failure to timely disclose these experts; specifically, Defendants request this court provide "Plaintiffs an opportunity to respond to the Parr and Wedig Reports." (D. Opp'n at 9:6-12.) Plaintiffs did not reply to this suggested remedy. The argument

1  scheduled for October 6, 2008, at 9:30 a.m. shall address this
2  suggested remedy.
3       Further, Plaintiffs argue, without citing any authority,
4  that Defendants' expert Cox should not be allowed "to offer a
5  report or trial testimony that is based on discussions he had with
6  Parr." (Pl. Mot. At 2:18-19.)  Defendants rejoin that whether or
7  not Parr's disclosure is found untimely, Cox's reliance on Parr is
8  appropriate.  Since this portion of Plaintiffs' motion is
9  unsupported by authority, and requires me to search for the facts
10 applicable to the motion by combing through voluminous documents,
11 it is denied.
12      Lastly, I question whether Defendant Bank of America
13 needs to have the merger agreements sealed.  If what Bank of
14 America desires to use in the merger agreements can be filed in a
15 redacted form on the public docket, then Bank of America could be
16 authorized to make that filing, and the unredacted copy of the
17 agreements submitted to chambers for in camera consideration of the
18 sealing request could be returned to Bank of America.  Why should
19 not the matter be handled in this manner?  A response to this
20 question is expected at the October 6 hearing.

Dated:  October 3, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge