UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAXO, INC., a Delaware Corporation; K.C. MULTIMEDIA, INC., a Delaware Corporation,<br><br>           Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA TECHNOLOGY AND OPERATIONS, INC., a Delaware Corporation; BANK OF AMERICA CORPORATION, a Delaware Corporation; BANK OF AMERICA NATIONAL ASSOCIATION; and ALLEN TAM, an individual,<br><br>           Defendants. | 2:07-cv-00945-GEB-GGH<br><br><u>ORDER</u> |

       On October 17, 2008, Plaintiffs Ajaxo, Inc. and K.C. Multimedia, Inc. filed objections to the Magistrate Judge's October 2, 2008 Order, in which Defendant Bank of America's motion for sanctions was partially granted; and, requested reconsideration of that Order. Bank of America contends Plaintiffs were properly sanctioned for violations of the Protective Order filed on March 28, 2008.

       A magistrate judge's order shall be upheld unless it is "clearly erroneous or contrary to law." E.D. LR 72-303(f); 28

1

U.S.C. § 636(b)(1)(a); Fed. R. Civ. P. 72(a). "[Federal Rule of Civil Procedure] Rule 37(b), authorizes [a magistrate judge] to impose a wide range of sanctions if a party fails to comply with a discovery order." United States v. National Medical Enterprises, Inc., 792 F.2d 906, 910 (9th Cir. 1986). Further, Rule 37(b) encompasses the power to sanction parties for violations of a protective order. Id.; See also Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 784 (9th Cir. 1983)(upholding sanctions for violations of a protective order).

Plaintiffs contend the Magistrate Judge's Order is clearly erroneous and unjust because it was based on conduct that was not willful, since Plaintiffs inadvertently violated the Protective Order. However, "wilfullness is not a necessary element for the imposition of expenses and attorney's fees" under Rule 37. David v. Hooker, Ltd., 560 F.2d 412, 419 (9th Cir. 1977). Plaintiffs have the burden under Rule 37(b)(2) to show their compliance failure "[was] justified or that special circumstances would make an award of expenses unjust." Id. The Magistrate Judge held that while Plaintiffs' sanctionable conduct may be inadvertent, it was not justified. (Mag. Order at 4:14-17.) Plaintiffs have not shown this ruling is clearly erroneous or unjust.

Finally, Plaintiffs request reconsideration of the Magistrate Judge's Order barring Sing Koo ("Koo") from attending the depositions of Bank of America's experts, based on Koo having been designated as a rebuttal expert. However, this designation occurred after the Magistrate Judge issued the Order excluding Koo from attending depositions. Since this portion of Plaintiffs'

request is based on new evidence and argument not presented to the Magistrate Judge, the request is denied; Plaintiffs "should seek reconsideration before the [M]agistrate [J]udge before seeking district court review." <u>United States v. Vasconcellos</u>, 519 F. Supp. 2d 311, 315 (N.D.N.Y 2007).

For the stated reasons, Plaintiffs' request for reconsideration is denied.

Dated:  November 17, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge