IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AJAXO INC., et al.,

    Plaintiffs,

vs.                                           CIV-S-07-0945 GEB GGH

BANK OF AMERICA TECHNOLOGY
AND OPERATIONS, INC., et al.,

    Defendants.                   <u>ORDER AND MEMORANDUM</u>
_____/

*Introduction and Summary*

        This is the second needless discovery motion in this case – needless because plaintiff's counsel simply refuses to follow the letter of court orders, and in this case, not even the spirit. Defendants (hereafter "Bank") have sought sanctions, including the striking of plaintiffs' (hereafter Ajaxo) expert Scott Hampton. The genesis of the September 25, 2008, renoticed on October 6, 2008, sanctions motion concerned the format and timeliness of Ajaxo's production of documents, especially the Hampton file, in a non-searchable format.

        On November 6, 2008, the re-set hearing date, Luann Simmons appeared for the Bank; Richard Antognini represented Ajaxo. At hearing, the court ordered Ajaxo to re-submit expert Hampton to further deposition in San Francisco, at Ajaxo's expense for expenses incurred

by Hampton, prior to the November 21 expert deposition discovery cutoff, unless that date was extended by stipulation and order. The matter of further monetary sanctions was taken under submission.

*Background*

At the hearing on August 7, 2008, Ajaxo was ordered to produce certain documents in searchable form, including those documents to be produced by expert Scott Hampton. On August 8, 2008, the court issued a written order requiring Ajaxo to respond to the discovery at issue by August 27, 2008.

The court ordered all Hampton electronic documents to be produced in searchable format, RT (August 7 hearing) 1-4, 24. At the conclusion of the discussion, Ajaxo's counsel chose the particular format "Oh, I think we'll– that's fine, Your Honor. Actually, I prefer pdfs myself. So we'll do it in pdf, searchable pdfs." RT 4. The discussion went on to other document production, but it was evident that the production of electronic documents in searchable form was to be the rule.

Instead of producing the documents in searchable PDF format, Ajaxo produced 119 TIFF images of non-Hampton material without any search information, page break information or type of database load file. The Hampton material (5 CDs of material) was produced late, and initially, not in searchable format. Eventually, months after the due date set by the court (August 27, 2008), and, at least in significant part after the filing of the instant motion, the required Hampton documents were produced in searchable format.

The Bank was not really prejudiced by production of the 119 pages of TIFF documents in that the volume of documents was relatively low. Prejudice was encountered with respect to the Hampton CDs in that the Bank could not adequately prepare for Hampton's deposition given the volume of documents. Also at issue, however, was the fact that Ajaxo's counsel was ordered to produce the documents in searchable format, yet nevertheless chose not to comply with the order until compelled to do so by the Bank's motion.

*Discussion*

Ajaxo's counsel argued many excuses for non-compliance with the court's order, but none have justification. The asserted fact that the Bank produced TIFF images in its discovery is irrelevant to the fact that a motion was brought by the Bank against Ajaxo, and Ajaxo was ordered to produce in searchable format. The fact that the Hampton production included an index for the documents is again irrelevant to the terms of the order. Finally, Ajaxo's belief that the Federal Rules may not require production in searchable format is not only wrong, but again ignores the terms of the specific order.[1] Finally, there was no agreement at initial scheduling conference to produce documents in non-searchable TIFF format, and in any event, such agreement would have been superseded by the court order.

Defendants seek the following Rule 37(b) (2) sanctions and sanctions under the court's inherent powers: (1) order it established that Ajaxo and KCM are alter egos; (2) order plaintiffs precluded from relying on Hampton's expert report to support their claims for damages; (3) monetary sanctions in the amount of $12, 592.50 for fees incurred to date.

Under Fed. R. Civ. P. 37 (a) (5) and (b)(2)(C), the court is required to impose monetary sanctions on the disobedient party unless the court finds that the party's failure was substantially justified or that other circumstances make an award of expenses unjust. "[I]f a failure to comply has occurred, it becomes incumbent upon the disobedient party to show that his failure is justified or that special circumstances would make an award of expenses unjust. Notes

---

[1] Fed. R. Civ. P. 34(b) permits the requesting party to specify the format of electronically produced documents, subject to objection by the producing party with a statement in the Rule 34 response specifying the form in which the documents will be produced. This objection may be sustained or overruled by a court. *In the absence of a court order*, and if no specific request is made, the producing party may produce the documents in native format, or in a "reasonably usable" form. Rule 34(b)(2)(E). A responding party may not change the form of production to make what was ordinarily searchable, non-searchable. Rule 34 Advisory Committee Notes 2006 amendment. Courts may order electronic documents to be produced in searchable format. See In re Seroquel Product Liability Litigation, 244 F.R.D. 650, 654-55 (M/D. Fla. 2007); Hagenbuch v. 3B6 Sistemio etc., 2006 WL 665005 (N.D. Ill. 2006) (production in non-searchable TIFF format unacceptable.)

3

of the Advisory Committee on Rule 37." David v. Hooker, 560 F.2d 412, 419 (9th Cir. 1977).

Preclusion or terminating sanctions are authorized only in "extreme circumstances" of violations "due to willfulness, bad faith, or fault of that party." U.S. v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988); see also Commodity Futures Trading Com'n v. Noble Metals Intern., Inc., 67 F.3d 766,770 (9th Cir. 1995) (affirming standard and upholding sanctions in egregious circumstances).[2]  Bad faith does not require actual ill will; substantial and prejudicial obduracy may constitute bad faith. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir. 2002).

Disregard of this court's order as announced on the record at the August 7 hearing was not substantially justified. Ajaxo's counsel may not pick and choose when to comply with a court order depending on counsel's unilaterally determined excuses or justifications not to comply with the order. The order is either obeyed or appealed. Nor should courts issue orders which they are unwilling to enforce. There is importance *per se* in not allowing a party to ignore orders – the litigation process would otherwise descend into chaos. Thus, sanctions must be imposed here.

The type of sanction requires an assessment of the willfulness of disobedience along with the prejudice incurred. While the utter lack of justification put forth by Ajaxo in respect to disobedience to the order indicates willfulness, the court was convinced, barely, that counsel acted in ignorance of the law and not in contumacious disrespect, or with an attitude that

---

[2] See also, e.g., Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985) ("'Where the drastic sanction of dismissal . . . [is] imposed . . . the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith,'" quoting Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir.1981); G-K Properties v. Redevelopment Agency, 577 F.2d 645, 647-48 (9th Cir.1978) (bad faith crucial in Rule 37 dismissal, citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778 (1976)); Henry v. Gill Industries, Inc, 983 F.2d 943, 946, 948-49 (9th Cir.1993) (reviewing Rule 37 dismissal under multiple factors, including willfulness, bad faith or fault); Porter v. Martinez, 941 F.2d 732, 733 (9th Cir.1991) (reviewing Rule 37 default judgment pursuant to multiple factors including bad faith); Wanderer v. Johnston, 910 F.2d 652, 655-56 (9th Cir.1990) (same).

court orders need not be complied with until the other side puts up with the expense to demand compliance.[3] The undersigned does not believe that it is appropriate at this time to essentially devastate Ajaxo's case by finding an issue resolved by default, striking the expert, or other such severe sanction. The undersigned also believed at hearing that the prejudice to the Bank accruing from an ill prepared Hampton deposition was insufficient to require such a remedy. However, the Bank had incurred some prejudice in its inability to be adequately informed prior to the first Hampton deposition.

Thus, at hearing on November 6, the undersigned ordered that Ajaxo re-produce Mr. Hampton for deposition in San Francisco. There was sufficient time between November 6 and November 21 (expert discovery cutoff) to accomplish this, or it could be done at a later time if the district judge approved a further extension of expert discovery. The Bank would not be required to pay any Hampton expense for the re-deposition. That order is confirmed.

In addition to the above sanction, which will necessitate expense on Ajaxo's part, the court also finds that monetary sanctions are required for the Bank's having to bring this motion. In light of the previous order on sanctions (Order of October 2, 2008), and its analysis, the undersigned will not engage here in lengthy analysis. The court finds that:

Attorney Simmons shall be paid at the rate of $285/hr. for 10 hours of work on the motion and reply, and for 2 hours of appearance travel and time on the motion ($3,420);

Attorney Kahan shall be paid at the rate of $200/hr for 3 hours for work on the reply ($600);

Paralegal Meblin shall be paid at the rate of $150/hr for 1 hour of work ($150);

Total– $4,170.

The undersigned finds the remaining hours sought to be compensated either redundant or unnecessary.

\\\\\

---

[3] However, this is the second time Ajaxo's counsel has been found to have violated the terms of a court order.

Ajaxo's counsel shall pay this sum within thirty days of the filed date of this order.

*Conclusion*

The Bank's motion for sanctions (Docket # 283) is granted; Ajaxo was ordered at hearing to re-produce expert Hampton for deposition with no Hampton expense being charged to the Bank; Counsel for Ajaxo shall reimburse the Bank for expenses in bringing this motion in the total amount of $4,170.00, and payment shall be made within thirty days of the filed date of this order.

DATED: 12/01/08                                    /s/ Gregory G. Hollows

                                                   _____
                                                   GREGORY G. HOLLOWS
                                                   U. S. MAGISTRATE JUDGE

GGH:076
ajaxo0945.san