IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AJAXO, INC. A Delaware )
Corporation; and K.C. )        02:07-cv-00945-GEB-GGH
MULTIMEDIA, INC., a Delaware )
Corporation, )
                             )
        Plaintiffs, )         <u>AMENDED FINAL PRETRIAL ORDER</u>
                             )
    v. )
                             )
BANK OF AMERICA TECHNOLOGY )
AND OPERATIONS, INC., a )
Delaware Corporation; BANK OF )
AMERICA CORPORATION, a )
Delaware Corporation; BANK OF )
AMERICA NATIONAL ASSOCIATION; )
and, ALLEN TAM, )
                             )
        Defendants. )
_____ )

        Based on the final pretrial conference held on February

23, 2009, it appears that the following Order should issue.

                    I.   <u>JURY/NON-JURY</u>

        The parties state in their Joint Pretrial Statement

("JPS"): "All parties have requested a jury trial on all issues

triable thereby." All legal issues and all equitable issues that

"are closely related factually" shall be tried to a jury. <u>Ghotra</u>

<u>v. Bandila Shipping, Inc.</u>, 113 F.3d 1050, 1057 (9th Cir. 1997).

"In this way, the jury's verdict will conclusively settle these common issues, and only [an] issue peculiar to [an] equitable claim will be left to be decided by the judge." <u>Brownlee v. Yellow Freight Sys., Inc.</u>, 921 F.2d 745, 749 (8th Cir. 1990).  Therefore, any equitable factual issue which is closely related to a legal factual issue or issues shall be submitted to the jury in special interrogatories.

## II.   <u>UNDISPUTED FACTS</u>

The Undisputed Facts in the JPS will be read to the jury before opening statements.

## III.   <u>DISPUTED FACTUAL ISSUES</u>

Certain issues have been abandoned in the JPS, and JPS reveals numerous issues are disputed.

## IV.   <u>DISPUTED EVIDENTIARY ISSUES</u>

The parties have the option of briefing anticipated evidentiary disputes in a trial brief, as discussed at that the final pretrial conference.  If feasible, counsel should attempt to resolve a dispute in lieu of briefing it.

## V.   <u>WITNESSES</u>[1]

A.   Plaintiffs anticipate calling the witnesses listed on Section XII, 1 to 26, of the JPS.

B.   Defendants anticipate calling the witnesses listed on Section B of pages 71 and 72, 1 to 35.

C.   Each party may call a witness designated by the other.

---

[1]   This portion of the Order does not affect the parties' obligations to timely comply with witness disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

D.  No person, other than those named on these witness lists, will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "E", below.

E.  If a witness is discovered after the pretrial conference, counsel for the party offering the witness shall promptly inform the Court and opposing parties of the existence of the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify.  The witness will be not be permitted to testify unless:

(1) The witness could not reasonably have been discovered prior to pretrial;

(2) The Court and opposing counsel were promptly notified upon discovery of the witness;

(3) If time permitted, counsel offered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness' testimony was provided to opposing counsel.

/ / /

/ / /

/ / /

/ / /

VI.  <u>EXHIBITS</u>[2]

    A.  Plaintiffs anticipate offering the exhibits listed on Exhibit A to the JPS.

    B.  Defendants anticipate offering the exhibits listed on Exhibit B.

    C.  No other exhibits will be permitted to be introduced unless:

        (1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

        (2) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "D", below.

    D.  Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and opposing counsel of the existence of such exhibit.  The Court will not permit any such exhibit to be introduced unless it finds:

        (1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

        (2) The Court and counsel were promptly informed of the exhibit's existence; and

        (3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be

---

    [2]  This portion of the Order does not affect the parties' obligations to timely comply with disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

E.  Plaintiffs' exhibit shall be numbered and marked with colored stickers provided by the Court while Defendants' exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

The parties are directed to exchange with each other, no later than March 2, 2009, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  No later than March 6, 2009, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[3]  Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections.  A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

Counsel shall produce all exhibits to the Clerk's Office no later than 4:00 p.m. on the Friday before the date on which trial is scheduled to commence.  At that time, the parties shall also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced.  Failure to produce exhibits as ordered could result in waiver of the right to

---

[3]   The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

offer those exhibits.  Each party submitting exhibits shall furnish
a list to the Court, the courtroom deputy and opposing counsel
itemizing the exhibits.

   VII. <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>

    A.  It is the duty of counsel to ensure that any
deposition which is to be used at trial has been filed.

    B.  No later than March 2, 2009, counsel for each party
shall serve on the other parties a statement designating all
answers to interrogatories and all portions of depositions (except
for passages to be used solely for refreshing recollection,
impeachment or rebuttal).  No later than March 6, 2009, counter-
designations of other portions of these discovery documents may be
served.

    VIII.  <u>FURTHER DISCOVERY OR MOTIONS</u>

    Pursuant to the Court's Pretrial Scheduling Order, all
discovery and law and motion was to have been completed prior to
the date of the final pretrial conference.  That order is
confirmed.  The parties are, of course, free to conduct any
additional discovery they desire pursuant to informal agreement.
However, any such agreement will not be enforceable in this Court.

    IX.  <u>SETTLEMENT NEGOTIATIONS</u>

    No settlement conference is scheduled in this matter.  If
the parties believe that a settlement conference would be
productive and facilitate resolution of this case, the parties may
contact the Court.  If the Court schedules a settlement conference
at the request of the parties, each party would be directed to have
a principal with authority to settle the case on any terms present
at the settlement conference.

1   In addition, each party would have to submit a settlement

2 conference statement directly to the chambers of the settlement

3 judge, five (5) court days prior to the settlement conference.

4 Such statements would not have to be filed with the clerk nor

5 served on opposing counsel.  However, each would be required to

6 notify the other party or parties that the statement was submitted

7 to the judge's chambers.

8               X.   PROPOSED FINDINGS AND CONCLUSIONS

9   Each party shall submit proposed prevailing party findings and

10 conclusions on any trial issue to be decided by the judge no later

11 than March 9, 2009.  FAILURE TO DO SO DISMISSES, WAIVES, OR

12 ABANDONS THAT ISSUE, CLAIM OR DEFENSE.  The parties may supplement

13 timely-submitted proposed findings and conclusions as trial

14 progresses, up until closing arguments.

15 XI.  USE OF STRUCK JURY SELECTION SYSTEM/VOIR DIRE/PEREMPTORY

16                         CHALLENGES

17   Eight jurors will be impaneled.  The "struck jury" system

18 will be used to select the jury.[4]  At the beginning of the voir

19 dire process, approximately eighteen prospective jurors, randomly

20 selected by the Jury Administrator, will be seated for voir dire.

21 The order of the jurors' random selection is reflected by the order

22

23 ────────────

24   [4]   As explained in United States v. Blouin, 666 F.2d 796,
798 (2d Cir. 1981), "the goal of the 'struck jury' system is to

25 whittle down an initially selected group . . . [to the amount of
jurors] who will serve as the petit jury."  The selected group

26 consists of the jurors who will hear the case, plus the number of
jurors required to enable the parties to use the combined number of

27 peremptory challenges allotted to both sides for striking jurors
from the group.  Typically extra jurors are included in the select

28 group in the event the minimum amount of jurors required for the
"struck system" is reduced "for cause" or some other reason.

1  in which they will be seated.  This was explained at the
2  conference.

3        Each side is granted thirty minutes to conduct voir dire
4  following the Court's examination of prospective jurors.

5        Following the voir dire questioning, each side will take
6  turns exercising the four allotted peremptory strikes beginning
7  with Plaintiffs' side.  If a side elects to pass rather than
8  exercise a particular peremptory challenge, that challenge is
9  waived.

10               XII.   ATTORNEYS FEES

11        The parties are referred to Local Rule 54-293 concerning
12  the post-trial procedure for seeking an award of attorney's fees.

13               XIII.   TRIAL DATE

14        Trial to a jury will commence on March 10, 2009.  A trial
15  day will commence at 9:00 a.m. and will adjourn at approximately
16  4:30 p.m.  Each side has thirty minutes within which to make an
17  opening statement to the jury.

18        IT IS SO ORDERED.

19  Dated:  February 25, 2009

20
21  _____
   GARLAND E. BURRELL, JR.
22  United States District Judge

23
24
25
26
27
28